UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
JAMIE HOLDEN

    Plaintiffs,

                 CASE NO. 13-CV-14076
v.                 HONORABLE GEORGE CARAM STEEH

THE PINES OF CLARKSTON, INC.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RULE 11
SANCTIONS (Doc. 24) AND GRANTING DEFENDANT'S
MOTION TO MODIFY SCHEDULING ORDER (Doc. 29)**

  Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that defendant, assisted living facility The Pines of Clarkston, terminated Jamie Holden as an administrator on the basis of his epilepsy in violation of the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a). Holden intervened and filed his own two-count complaint alleging that his discharge violated the ADA and Michigan's Persons With Disabilities Civil Rights Act, MCL § 37.1101 *et seq.* Discovery is now closed and the time for filing dispositive motions has expired. Defendant never filed a dispositive motion but now has filed a motion for Rule 11 sanctions seeking dismissal as the penalty. For the reasons set forth below, defendant's motion for Rule 11 sanctions shall be denied.

  Rule 11 sanctions may be imposed when the court determines that the requirements of Rule 11(b) have been violated. Rule 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). There is no dispute that defendant complied with Rule 11's safe harbor provisions by serving its motion for sanctions on plaintiffs and allowing them twenty-one days to dismiss this action before filing the motion with the court. *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). Accordingly, this court decides defendant's motion for Rule 11 sanctions on the merits.

"[T]he test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002). "Rule 11 imposes a continual obligation on attorneys to refrain from pursuing meritless or frivolous claims at any stage of the proceedings." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (internal quotation marks and citations omitted). Rule 11 permits sanctions if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted

by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Id.* (internal quotations marks and citation omitted). A district court has broad discretion in determining whether to impose sanctions. *DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Local 9*, 687 F.3d 744, 752 (6th Cir. 2012). Sanctions under Rule 11(c) should be limited to what is needed to deter future misconduct. *Rentz v. Dynasty Apparel Ind., Inc.*, 556 F.3d 389, 400 (6th Cir. 2009). While dismissal is an available sanction under Rule 11, dismissal is an extreme penalty that is generally the sanction of last resort. *Beil v. Lakewood Eng. & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). The Sixth Circuit has held that when a motion for sanctions is considered at the pleadings stage, the court should be hesitant to determine that a party's complaint violates Rule 11(b), and should be careful not to allow Rule 11 to be used to "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Tahfs v. Protor*, 316 F.3d 584, 594-55 (6th Cir. 2003) (internal quotation marks and citations omitted). Even where a lawsuit is dismissed for failure to state a claim, sanctions are not warranted unless the pursuit of the lawsuit was wholly lacking in arguable legal merit or where the factual allegations were completely unwarranted by the evidence. *Id.* at 594. In discussing whether Rule 11 sanctions may be imposed after the voluntary dismissal of a lawsuit, the Supreme Court has explained:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

In general, a Rule 11 motion is not a proper substitute for a dispositive motion and "'should not be employed . . . to test the sufficiency or efficacy of allegations in the pleading; other motions are available for those purposes.'" *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003) (quoting Advisory Committee Notes for Rule 11). In *Safe-Strap*, a patent infringement action, defendant sought dismissal of the case as a Rule 11 sanction on the grounds that the complaint was allegedly frivolous, but defendant had not filed a motion for summary judgment. *Id.* at 410-11. Based on the procedural distinctions between summary judgment motions and sanction motions, the court found that it would be prejudicial to the plaintiff to consider dismissal as a sanction prior to hearing the matter via a summary judgment motion. *Id.* at 419. This case arrives in a slightly different posture as discovery has closed and the time for filing dispositive motions has passed. After filing its motion for sanctions, however, defendant filed a motion to extend the scheduling order to allow for the filing of dispositive motions. The court will allow defendant additional time to file such a dispositive motion. Defendant's motion for dismissal as a Rule 11 sanction may not substitute for such a motion and shall be denied.

In order to prevail on its motion to dismiss for alleged violations of Rule 11, defendant must meet a higher threshold of proof than were this court deciding a motion for summary judgment. It is not enough for defendant to show that there is no genuine issue of material fact, defendant must show more by proving that plaintiffs' claims are "not warranted by existing law or by a nonfrivolous argument for extending . . . existing law," and that the factual contentions lack any evidentiary support. Fed. R. Civ. P.

11(b).  Defendant must show that the filing and continuation of this lawsuit was so lacking in merit that its pursuit could be said to be objectively unreasonable.  Defendant has failed to meet its burden here.

Defendant claims plaintiffs' disability discrimination claims under the ADA lack merit because (1) defendant employed less than 15 employees and thus, was not a covered entity under the ADA, and (2) defendant terminated plaintiff for marijuana use, not for her seizure condition.  Plaintiffs respond that defendant employs more than 50 employees because it is an "integrated enterprise" based on five locations of Pines assisted living facilities, and that defendants' conflicting rationale's given for her discharge amounts to pretext and defendant's conduct in questioning plaintiff about her medical condition at a pre-offer interview and discussing her seizures prior to firing her are evidence of discrimination.

The court need not decide whether defendant is actually a covered employee under the ADA because it employs at least 15 employees; rather, the court must only decide whether plaintiff's allegations on the face of the Complaint that it was so covered were frivolous.  The Complaint alleges that defendant has at least 15 employees (Complaint, ¶ 4) and its allegations are well grounded by existing law and the underlying facts.  The law is clear that the 15 employee requirement is met when an employer is part of an "integrated enterprise."  *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993-94 (6th Cir. 1997).  The EEOC alleges that The Pines of Clarkston was one of five assisted living facilities with a total of at least 50 employees working as an "integrated enterprise," because they shared common operations, common management, common ownership, centralized labor relations and personnel policy, as

well as common stationary, website and toll-free number.  In support of the claim that the five facilities were part of an "integrated enterprise," the EEOC relies on numerous documents and deposition testimony.  Clearly, the EEOC's allegations that defendant met the requisite 15-employee minimum in order to be covered by the ADA is well supported by existing law and the factual underpinnings presented here.  It appears extremely doubtful that defendant would even survive a motion for summary judgment on this issue and no sanctions, let alone the most draconian penalty sought here - dismissal - are warranted.

The court next considers defendant's argument that because Holden was using medical marijuana for his seizure disorder, his discharge was not discriminatory.  Once again, the court notes the unusual posture of this case where the court is being asked to decide the ultimate issue of the case not by dispositive motion, but in the context of a Rule 11 motion for sanctions.  This is not the appropriate use of a Rule 11 motion.  Even if defendant could show that Holden's discharge was not discriminatory at trial or at the summary judgment stage, such a holding would not entitle it to any Rule 11 sanctions unless it could be shown that plaintiff brought and pursued claims which were wholly without any basis or were brought with an improper purpose.  The EEOC has proffered facts in support of its discrimination claim including evidence that he was questioned about his epilepsy prior to his hire and termination, and given inconsistent rationales for his termination.  The burden required to show that claims were objectively reasonable to satisfy the requirements of Rule 11 is not an onerous one, and the EEOC has easily met that burden here.

For the reasons stated above, defendants' motion for Rule 11 sanctions (Doc. 24) is DENIED. Plaintiff's request for costs and fees under Rule 11(c)(2) for having to respond to defendant's motion is DENIED. Defendant's motion to modify the scheduling order to allow for the filing of dispositive motions (Doc. 29) is GRANTED.

**IT IS SO ORDERED**.

Dated: November 19, 2014

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 19, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---